JOSEPH J. READ v. THOMAS ABBOTT.

45   303
55e   29

The facts that a promissory note, signed by an agent with his principal's name, is drawn payable to the agent's order, and is sold by him, do not constitute sufficient grounds for imputing bad faith to the purchaser in a case where the agent designed to convert the proceeds of sale to his own use.

On rule to show cause.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the plaintiff, *T. E. French.*

For the defendant, *J. J. Crandall.*

The opinion of the court was delivered by

DIXON, J.   This was an action upon a promissory note signed "Thomas Abbott," and payable to the order of Jesse R. Abbott, by whom it was endorsed. The signature "Thomas Abbott" had been written by Jesse R. Abbott under the authority of a sufficiently broad power of attorney. The plaintiff purchased the note before maturity, for value, from Jesse R. Abbott, who made the note for his personal benefit, converting the proceeds to his own use.

We have already decided that, under these circumstances, if the plaintiff purchased *bona fide*, he is entitled to recover. *Camden Safe Deposit Co.* v. *Abbott*, 15 *Vroom* 257.

The court below held, without submitting the question to the jury, that the plaintiff was a *bona fide* holder.

The only ground on which the defendant claims that *mala fides* can be imputed to the plaintiff, is the fact that the note was payable to the order of the agent by whom it was sold.

There are two answers to this claim.

*First.* It appears that the plaintiff was not informed of the agency, but bought the note in the belief that the principal had himself made the signature. He therefore could not have suspected that the sale of the note was the fraudulent act of an agent perpetrated for his own benefit in his principal's name.

*Secondly.* If the plaintiff had been apprised of the agency, there was nothing in the transaction at all militating against the idea that the agent, as endorser, was lending his credit to his principal, the maker, and receiving the proceeds of the note for his principal's use.

The case is entirely unlike that of *Stainer* v. *Tysen*, 3 *Hill* 279, where the plaintiff knew of the agency, and received from the agent the principal's note in settlement of the agent's debt.

Bad faith in the plaintiff, not merely notice of suspicious circumstances, was necessary to defeat a recovery, (*Hamilton* v. *Vought*, 5 *Vroom* 187,) and the court below rightly held that on this point there was nothing to be submitted to the jury.

The rule to show cause should be discharged.